UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SHANTELL YOUNG

CIVIL ACTION

VERSUS

NUMBER 08-564-JJB-SCR

HI NEIGHBOR SUPERMARKET, INC.,
ET AL

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, March 27, 2009.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SHANTELL YOUNG

VERSUS

HI NEIGHBOR SUPERMARKET, INC.,
ET AL

CIVIL ACTION

NUMBER 08-564-JJB-SCR

## MAGISTRATE JUDGE'S REPORT

A review of the record showed that defendant Damegano Ary has not filed an answer or other responsive pleading nor otherwise made an appearance.  Counsel for the plaintiff requested and was granted additional time, until January 28, 2009, to locate and serve defendant Ary.[1]  The record contains no indication that defendant Ary has been served with a summons and a copy of the complaint.

Under Rule 4(m), Fed.R.Civ.P., a complaint may be dismissed when the defendant has not been served within 120 days after the complaint is filed.  The case was removed to this court on September 9, 2009, and the extension of time to serve defendant Ary expired two months ago.

Consequently, the plaintiff was ordered to show cause, in writing on March 20, 2009, why her claims against defendant Ary should not be dismissed for failure to serve him within the time allowed by Rule 4(m).  A written response to this order was

---

[1] Record document number 14.

2

required and no oral argument would be heard.  Plaintiff was cautioned that: "**Failure to comply with this order may result in dismissal of the plaintiff's claims against defendant Damegano Ary.**"[2]

Plaintiff has not filed evidence of service of process on defendant Ary, nor did the plaintiff filed any response to the show cause order.

### Recommendation

It is the recommendation of the magistrate judge that the plaintiff's claims against defendant Damegano Ary be dismissed pursuant to Rule 4(m).[3]

Baton Rouge, Louisiana, March 27, 2009.

*signature: Stephen C. Riedlinger*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[2] Record document number 17 (emphasis in original).

[3] It is well established that a dismissal without prejudice is permitted by Rule 4(m) even when a re-filed complaint would be time-barred.  *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304 (5th Cir. 1985); *McDonald v. United States*, 898 F.2d 466, 468 (5th Cir. 1990); *Traina v. United States*, 911 F.2d 1155, 1157 (5th Cir. 1990); *Peters v. United States*, 9 F.3d 344, 347 (5th Cir. 1993); *contra Millan v. USAA General Indem. Co.*, 546 F.3d 321 (5th Cir. 2008)(applying Rule 41(b) standard to Rule 4(m) dismissal).